**267 P.2d 893**

**STATE v. OLIVAS.**
**No. 1041.**

Supreme Court of Arizona.
March 15, 1954.

Ross F. Jones, Atty. Gen., and Earl E. Weeks, Asst. Atty. Gen., for appellee.

Douglas H. Clark, Phoenix, for appellant.

WINDES, Justice.

A direct information was filed against Manuel Grijalva Olivas, appellant herein, charging him with the offense of driving an automobile under the influence of intoxicating liquor. Following trial and conviction, he was sentenced to imprisonment in the county jail of Maricopa County for a period of 90 days. Appellant brings the matter to the court claiming that the trial court erred in admitting the result of a Harger drunkometer test without first requiring prosecution to lay a proper foundation for its admission. The test was given by witness Roy Jones, a graduate chemist with subsequent technical training and 10 years' experience. In his work with the city, he had run approximately 1,000 tests of the nature here involved. His qualifications as an expert are not questioned in this appeal. He testi-fied in detail as to how the machine should be operated to get the proper results and described the procedure he followed, in this case which for all practical purposes conforms to his description of what the procedure should be. The witness testified the machine was accurate and when properly operated it would reflect the percentage of alcohol by weight in a person's blood, and the result of this particular test showed the appellant to have .214 per cent. The witness further testified that some scientists disagree with his views concerning the accuracy of the test.

Appellant contends that because there was scientific disagreement, the result of this test cannot be used as evidence in proving one to be intoxicated and relies upon the case of People v. Morse, 325 Mich. 270, 38 N.W.2d 322. We can hardly be expected to follow the Michigan decision since in our recent case of State v. Warren, 75 Ariz. 123, 252 P.2d 781, we approved the principles announced by the state of Illinois in its recent case of People v. Bobczyk, 343 Ill.App. 504, 99 N.E.2d 567. In this last mentioned case, Illinois refused to follow People v. Morse, supra, and held that where there is a lack of unanimity in the medical profession whether intoxication can be determined by breath, the scientific disagreement affects only the weight and not the admissibility of evidence. We think this is the correct rule in tests of this character.

120

■ Appellant offers the suggestion that since his test was taken approximately 30 minutes subsequent to the time he is charged with having driven the car, and the witness Jones could not say what it would have shown at the exact time he was discovered driving, the evidence was inadmissible. The witness testified that if the appellant had not secured anything to drink during the 30-minute period that elapsed between the time he was driving and the time of the test, there would have been a higher percentage when driving than when the test was taken. This testimony, of course, is undoubtedly based on the assumption that whatever intoxicants the appellant had consumed was at a sufficient length of time prior to his arrest for them to have taken effect. In this regard, appellant testified that what he had to drink ("two beers") was at home a considerable time prior to his arrest. The appellant had the benefit of a 30-minute sobering period between the time of arrest and the test. The delay would appear to be to his advantage. There is no merit to this contention.

■ It is also urged that the state failed to prove the test was properly conducted. The testimony heretofore related refutes this.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.