487 P.2d 766

STATE of Arizona ex rel. Herbert E. WIL-
LIAMS, City Attorney of the City
of Tucson, Petitioner,

v.

CITY COURT OF the CITY OF TUCSON,
PIMA COUNTY, Arizona, the Honorable
Edward V. Lacambra, magistrate thereof;
and Evans A. ITTNER, Real Party in In-
terest, Respondents.

No. 2 CA–CIV 1024.

Court of Appeals of Arizona,
Division 2.

Aug. 10, 1971.

Rehearing Denied Sept. 15, 1971.

Herbert E. Williams, City Atty. by Wil-
liam E. Hildebrandt, Tucson, for petitioner.

Samuel Rothman, Tucson, for respondent
real party in interest Evans A. Ittner.

HATHAWAY, Judge.

The City of Tucson has brought
this petition for special action praying that
we order the city magistrate's order sup-
pressing breathalyzer test results be vacat-
ed. We have jurisdiction to entertain this
special action under A.R.S. § 12–120.21,
subsec. (A), as amended. Shenfield v. City
Court of Tucson, 8 Ariz.App. 81, 443 P.2d
443 (1968).

On January 12, 1971 defendant was ar-
rested by Tucson police and charged with
driving while intoxicated in violation of
A.R.S. § 28–692, as amended. Approxi-
mately forty-eight minutes after he had
been seen driving the defendant voluntarily
took a breathalyzer test pursuant to A.R.S.
§ 28–691, as amended, which showed his
blood alcohol content to be 0.12 per cent.

The defendant had nothing to eat or drink from the time of arrest to the time the test was taken. Prior to trial defendant moved to suppress the result of the breathalyzer test on the ground that his blood alcohol content, as shown by the breathalyzer, could not be related back to the time he was driving. The state concedes their prima facie case will not include evidence as to how much alcohol defendant consumed or when he last took alcoholic beverage and they will not furnish expert testimony as to defendant's blood alcohol level at the time of driving. No challenge is made as to the reliability or accuracy of the breathalyzer test or as to the qualification of the officer or manner of conducting the test. Nor does this petition raise the issue of the necessity of relating back the blood alcohol content to the time of the alleged offense to raise the statutory presumptions of intoxication or nonintoxication.

The trial court found the test result inadmissible citing the state's lack of evidence as to time of defendant's last drink as constituting a lack of proper foundation. Our sole question is whether relating the breathalyzer test result back to the time of the alleged offense is a necessary foundational requirement to admitting that result.

After a careful consideration of the cases we agree with the state's contention that such a relating back is not necessary and that the test result of the blood alcohol content at the time the test is taken is itself material and relevant in a charge of driving while intoxicated. Most importantly the test result may be used to corroborate witnesses' testimony of observed physical manifestations of intoxication. McKay v. State, 155 Tex.Cr.R. 416, 235 S.W.2d 173 (1950).

Evidence of the result of a blood test taken one and one-half hours after the arrest was held not inadmissible on that ground in State v. Gallant, 108 N.H. 72, 227 A.2d 597 (1967). Although finding the test result inadmissible on other grounds the court held that the delay in time affected the weight to be given the evidence and not its admissibility unless there were statutory restrictions.[1]

A similar contention to that of defendant's in the instant case was considered on appeal in State v. Olivas, 77 Ariz. 118, 267 P.2d 893 (1954). There the test was given approximately thirty minutes subsequent to the time the defendant was charged with driving while intoxicated. The defendant claimed that since the state's witness could not say what the test would have shown at the exact time defendant was driving the car, the evidence was inadmissible. The defendant there testified he had consumed some beer a considerable time prior to his arrest. The court dismissed his claim pointing out that the defendant had the benefit of a thirty minute sobering period between arrest and test and any delay in the test would appear to be to his advantage. See also Toms v. State, 95 Okl.Cr. 60, 239 P.2d 812, 821 (1952) wherein the court stated: "We think an accused should not be permitted to consent to a drunkometer and urine test without being subject to its detriment as well as its benefits." While there is no evidence before us as to when the defendant in this case had his last drink, we agree with the statement in State v. Gallant, supra, 227 A.2d at 598:

> "[G]enerally the delay works in favor of the accused, although there may be extraordinary circumstances where the alcoholic content in the defendant's blood would be lower at the time of arrest than when the blood sample was taken. This goes to the weight of the evidence and not to its admissibility."

In examining the cases dealing with the foundational requirements of the admissibil-

---

1. Some legislatures have solved the problem by fixing a time period in which the test must be given after the event. For example see City of West Allis v. Rainey, 36 Wis.2d 489, 153 N.W.2d 514 (1967) discussing the history of the Wisconsin statute which provides that if the chemical test is performed within two hours after the event to be proved, the analysis shall be given effect without requiring any expert testimony.

ity of chemical test results we have found no case which specifically requires relating the test result back to the time of the alleged event. In laying a foundation the court in State v. Miller, 64 N.J.Super. 262, 165 A.2d 829 (1960) suggested the mere minimum the state should prove before a technician who made the test may testify as to the reading was that the operator was qualified, that the machine and components were in proper condition and that the test was properly administered. An apparent further requirement is based on A.R.S. § 28–691, subsec. B, as amended, which requires a delay of at least fifteen minutes between the time a subject is stopped and the time a breathalyzer test is given. See State v. Baker, 56 Wash.2d 846, 355 P.2d 806 (1960).

We hold that the result of a breathalyzer test may properly be admitted as evidence and the trial judge abused his discretion in granting the pretrial motion to suppress. Any question of a delay in time between administering the test and the time of the alleged offense bears on the weight to be given the evidence and not its admissibility.

The court's order granting defendant's motion to suppress is vacated and the case is remanded for trial by said court.

KRUCKER, C. J., and HOWARD, J., concur.