THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 2237—Decided January 8, 1975.)

*Mr. James Walters*, prosecuting attorney, for appellee.

*Messrs. Spike, Mecker, Rothgery & Gurchik*, for appellant.

MAHONEY, J. The defendant has appealed his jury conviction for operating a motor vehicle while under the influence of alcohol, a violation of R. C. 4511.19. He asserts the following assignments of error:

"1. The court erred in admitting the breathalyzer test results without testimony as to what methods are approved by the Director of Health for the State of Ohio.

"2. The court erred in admitting the results of the breathalyzer test when the video tape showed that the defendant was not observed for a full twenty minutes before the breathalyzer test was given, giving rise to the possibility that defendant could have taken foreign matter into his mouth less than 20 minutes before the breathalyzer test.

"3. The court erred in allowing improper commentary by the prosecutor during closing argument.

"4. The court erred in admitting state's exhibit two and three into evidence over objection.

"5. The court erred in reading parts of O. R. C. 4511.-19 to the jury.

"6. The court's charge did not properly instruct the jury that the breathalyzer test raises a rebuttable presumption.

"7. The verdict of the jury was manifestly against the weight of the evidence.

"8. The court erred in failing to grant defense motion for directed verdict at the close of the evidence."

The prosecutor (upon direct examination of Sgt. Holland of the Ohio State Highway Patrol, a licensed operator), asked the patrol sergeant if he was familiar with all the regulations and methods approved by the state Director of Health regarding the breathalyzer. He replied that he was, and that he conducted the breath test in this case in

accordance with those regulations and methods. Defense counsel's objection to that testimony was overruled.

We agree with the trial court that at that point those two broad, general questions and answers were a sufficient compliance with our holding in *State* v. *Jones* (1973), 37 Ohio App. 2d 127. If believed by the jury, by the required degree of proof, it is sufficient to sustain a conviction. However, if by cross-examination, or otherwise, the defense places such compliance in issue, it then is incumbent upon the state, in order to maintain its burden of proof, to offer the methods and regulations in evidence and prove compliance. In this case, the defense merely objected, but never actually raised the issue by cross-examination, or otherwise.

The only issue, as to method or regulations, raised by cross-examination, was whether the requirement of the "green check list" that the defendant be observed for a period of twenty minutes was complied with by the operator. Defendant argues that this gives rise to the possibility that he could have taken foreign matter into his mouth less than twenty minutes before the test. We cannot conjecture as to what the defendant did when he stepped out into the hall. He never offered any evidence as to what happened.

We, therefore, fail to see that the lack of observing him for every minute of the twenty minute period was, in any way, prejudicial to the defendant. Such failure to observe, in this instance, would go to the weight of the evidence, rather than its admissibility.

As a result of the broad, qualifying questions, the court admitted the state's exhibits two and three in evidence. These were the "green check list" and the "test result," respectively. We feel they were properly admitted.

We, therefore, overrule assignments of errors one, two and four.

Assignment of error three relates to statements by the prosecutor, during argument, as to the amount of alcohol in the blood in various parts of the body. We agree with the defendant that such statements were merely opinions

by the prosecutor as to scientific facts, which were not in evidence. However, such statements were brief and superfluous as to the presumptive levels of blood alcohol provided by statute.

We overrule assignment of error three as we do not find that the argument was, in any way, prejudicial to the defendant.

We find the court erred in reading parts of R. C. 4511.19 pertaining to blood-alcohol levels and testing as they were not applicable or necessary. We cannot see where this led to any confusion for the jury, or any resultant prejudice to the defendant, and, therefore, we overrule the fifth assignment of error.

The defendant's sixth assignment of error correctly points out the court's improper charge as to the rebuttable presumption raised by the .21 per cent breathalyzer test result. The essence of the trial court's charge was to require the defendant to overcome the presumption by a preponderance of the evidence rather than evidence which counterbalances it.

Thus, the court failed to instruct the jury in accordance with *State* v. *Myers* (1971), 26 Ohio St. 2d 190, which followed paragraph 5 of the syllabus of *Kennedy* v. *Walcutt* (1928), 118 Ohio St. 442, which reads as follows:

"The degree of proof necessary to remove a presumption is not to be confused with the degree necessary to sustain the burden of proof. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue."

The question, again, is one of whether such error was prejudicial or harmless. The defendant, through his cross-examination, did place in issue the observations made by each patrolman upon which they based their opinions. The

effect of the court's charge was to shift the burden to the defendant on a particular issue.

We are unable to ascertain whether the jurors predicated their verdict upon the observations of the patrolmen, the breathalyzer test, or a combination of the evidence. If one or more of the jurors predicated their verdict upon the test result, the natural inference is that they followed the court's erroneous instruction. We cannot speculate as to what the jurors did in their deliberations. Therefore, we can only conclude that the court's charge was prejudicial.

The seventh assignment of error is overruled since the jury's finding was well within the proper evidence produced by the state and was not against the manifest weight of the evidence.

The eighth assignment of error is overruled since there was evidence before the jury upon each of the elements of the offense. Such evidence, if believed, was sufficient for the jury to find the defendant guilty beyond a reasonable doubt.

Having found the court's charge to be prejudicially erroneous, we remand the matter to the trial court for a new trial.

*Judgment reversed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.