659 P.2d 658

**The STATE of Arizona, Appellee,**

v.

**Prudencio A. CORRALES, Appellant.**

**No. 2 CA–CR 2638.**

Court of Appeals of Arizona,
Division 2.

Dec. 29, 1982.

Rehearing Denied Jan. 26, 1983.

Review Denied Feb. 23, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was found guilty after a jury trial of driving while under the influence of intoxicating liquor while his license was suspended, a class 6 felony. He was sentenced to prison for 1.5 years and given credit for time served prior to sentencing. Counsel has filed a brief for appellant in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has not availed himself of the opportunity to file a supplemental brief.

Counsel for appellant has raised two arguable issues for our attention: (1) whether the computer printout showing appellant's prior driving record was properly authenticated under Rule 902, Arizona Rules of Evidence, and hence properly admitted, and (2) whether it was error for the trial court to permit, over objection, the testimony of a breathalyzer expert. We see no error and affirm.

■ The printout itself was certified and the certifying person's signature and status as custodian of the record was attested to by the Assistant Director of the Department of Transportation, Motor Vehicle Division. This certificate bore the seal of the Department of Transportation of the State of Arizona. Compliance with Rule 902, Arizona Rules of Evidence, 17A A.R.S., was therefore accomplished. *See State v. Floyd,* 120 Ariz. 358, 586 P.2d 203 (App.1978), appeal dismissed, 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

■ The breathalyzer expert testified to the calibration and methodology of the breathalyzer which was used to determine appellant's degree of intoxication. The transcript shows that appellant's trial counsel conceded that he had tried breathalyzer cases before, knew that a chemist was always used, and consciously considered the possibility that it was an oversight on the prosecution's part not to specifically name the expert in a disclosure. No actual prejudice was shown. Under these circumstances, we cannot say that it was error for the trial court to allow the expert to testify.

■ Counsel also claims there may have been a lack of foundation for the breathalyzer results citing *State v. Baker,* 56 Wash.2d 846, 355 P.2d 806 (1960).

The *Baker* court held that before a breathalyzer test can be admitted the evidence must show "that the subject had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen minutes prior to taking the test." No evidence in the instant case directly establishes this. The only relevant evidence shows the appellant was handcuffed at the scene of arrest and transported to the police station where the test was given some 40 to 55 minutes after his arrest. From these circumstances, the jury could conclude that the appellant took nothing orally. *Baker* is not Arizona law, and we choose not to adopt it. Substantial compliance with the procedures necessary for the test were shown and this is sufficient. Cf. *State ex rel. Williams v. City Ct. of City of Tucson,* 15 Ariz.App. 229, 487 P.2d 766 (1971). *See also State v. Brown,* 49 Ohio App.2d 104, 359 N.E.2d 706 (1975), holding that where the defendant offered no evidence tending to establish that he ingested some foreign substance during that time, a failure to observe a defendant continuously for 20 minutes prior to the administration of the test goes to the weight to be accorded the results of the test.

Our review of the entire record before us for fundamental error has revealed none. The judgment of conviction and the sentence imposed are affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.