The STATE of Ohio, Appellee,

v.

DOWD, Appellant.

[Cite as *State v. Dowd* (1989), 63 Ohio App.3d 610.]

Court of Appeals of Ohio,
Wayne County.

No. 2452.

Decided Aug. 2, 1989.

*Corey E. Spitler,* Assistant Prosecuting Attorney, for appellee.

*Thomas T. Flynn,* for appellant.

---

BAIRD, Judge.

Appellant, Patrick G. Dowd, appeals from his conviction of driving while under the influence in violation of R.C. 4511.19(A)(3), following a jury trial in the Wayne County Municipal Court. We affirm.

### Assignment of Error

"The court erred when it did not instruct the jury that it is incumbent upon the state in a *per se* case to prove beyond a reasonable doubt that the test was conducted within two hours of the operation of the vehicle."

The answer to Dowd's assignment of error is found in the recent Ohio Supreme Court case of *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130.

The two-hour limitation is required by R.C. 4511.19(B) which provides that the breath-alcohol test must be taken within two hours of an alleged violation of R.C. 4511.19(A)(3). The *Lucas* court discussed the limitation in the context of a foundational requirement to the admittance of a breath-alcohol test pursuant to R.C. 4511.19(A)(3). Our Supreme Court stated:

" * * * [T]he court [in *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908] was well aware of the importance to be placed on the determination of whether the prosecution had set a solid foundation for admitting the results of such tests because of the presumptions established by those results under R.C. 4511.19. Included in that solid foundation was the requirement that the 'bodily substance [must be] withdrawn within two hours of the time of such alleged violation.' " *Id.,* 40 Ohio St.3d at 103, 532 N.E.2d at 133.

Further, the *Lucas* court stated:

" * * * [T]he results of a properly administered bodily substances test may be admitted in evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation. * * * " *Id.* at 104, 532 N.E.2d at 134.

In contrast, our Supreme Court clearly stated the two issues to be determined by the trier of fact.

" * * * In determining whether one of these *per se* offenses was committed by the defendant, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that

the defendant operated a vehicle within the state and that the defendant's chemical test reading was at the proscribed level. * * * " *Id.* at 103, 532 N.E.2d 133.

As such, Dowd was not entitled to any jury instruction with regard to the two-hour limitation. It is clear from *Lucas* that whether the prosecution complied with the two-hour time limitation is a foundational question to be determined by the trial court. Moreover, it is equally clear from *Lucas* that whether the prosecution complied with the two-hour limitation is not among the questions to be decided by the trier of fact.

Accordingly, Dowd's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and QUILLIN, J., concur.