The STATE of Ohio, Appellee,

v.

MORLOCK, Appellant.

[Cite as *State v. Morlock* (1990), 67 Ohio App.3d 654.]

Court of Appeals of Ohio,
Medina County.

No. 1828.

Decided May 16, 1990.

Reece, P.J., concurred in judgment only.

*Norman Brague*, City Prosecutor, for appellee.

*John C. Oberholtzer*, for appellant.

CACIOPPO, Judge.

James O. Morlock was charged with violating R.C. 4511.19(A)(1), 4511.-19(A)(3) and 4511.31. Prior to trial, Morlock moved to suppress any statements obtained in violation of his constitutional rights and to suppress evidence because the warrantless arrest lacked probable cause. At the motion hearing, Morlock limited his argument to the issue of whether the police officer had probable cause for the traffic stop. The trial court denied the motion to suppress.

On the day of trial, the state dismissed the charges of speeding and driving under the influence and proceeded only on the *per se* offense of operating a vehicle with a prohibited breath alcohol content. After voir dire, the trial court conducted an evidentiary hearing pursuant to Evid.R. 104. The trial court determined the preliminary question of admissibility of Morlock's intoxilyzer result, which the state proffered. During the hearing, Morlock objected to the state presenting foundation evidence out of the hearing of the jury. The trial court overruled the objection on the basis of Evid.R. 104(A), (C) and (E). The trial court assured Morlock that evidence relevant to weight and credibility of the intoxilyzer result could be presented to the jury.

The trial court determined that the intoxilyzer result was admissible. The jury found Morlock guilty of the *per se* offense. Morlock was sentenced for violating R.C. 4511.19(A)(3).

Morlock appeals.

## Assignment of Error I

"The court erred when it refused to permit the jury to hear the foundational evidence related to the state's compliance with intoxilizer testing procedures."

█ Morlock contends that the trial court erred in conducting a hearing concerning the intoxilyzer result pursuant to Evid.R. 104(A). Morlock argues that the actual intoxilyzer result only becomes relevant evidence if the state proves the underlying conditions pursuant to Evid.R. 104(B). Those underlying conditions are set forth in Ohio Adm.Code 3701–53–01 *et seq.* Specifically, Morlock argues that errors in the administration of the intoxilyzer test affect the reliability and credibility of the test result. Therefore, the state should present to the jury evidence of compliance with the Ohio Administrative Code. If the state fails to establish substantial compliance with the Ohio Administrative Code, the intoxilyzer result is not relevant evidence. If the state establishes substantial compliance, the intoxilyzer result is admissible but the credibility of the result is a question of fact for the jury.

█ The state relies upon *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027, as authority to refute Morlock's argument. The state accurately excerpts language from the *Dvorak* majority opinion, but *Dvorak* is not analogous to the case *sub judice.* *Dvorak* presented this court with a question concerning suppression and/or admissibility of the chemical test result of a bodily substance when a person is charged with a *per se* offense contained in R.C. 4511.19(A)(2), (3) or (4). The case *sub judice* concerns the burden of proof upon the state when a person is charged under R.C. 4511.-19(A)(3).

"In order to sustain a conviction under R.C. 4511.19(A)(3), there must be proof beyond a reasonable doubt that the defendant was operating a vehicle within this state and that at the time he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath. The relevant evidence is limited to that evidence having any tendency to make the existence of either or both of these facts more probable or less probable." *State v. Boyd* (1985), 18 Ohio St.3d 30, 18 OBR 68, 479 N.E.2d 850, syllabus. Cf. *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130 (affirming that the critical issue at trial is the accuracy of the test, not the behavior of the accused). At trial, the state must establish the two elements of R.C. 4511.19(A)(3) beyond a reasonable doubt. The relevant evidence which tends to establish the elements does not need to be established beyond a reasonable doubt. See *State v. Dowd* (1989), 63 Ohio App.3d 610, 579 N.E.2d 734, citing *Newark v. Lucas, supra.*

█ Likewise, the state is not required to establish the validity of the intoxilyzer test beyond a reasonable doubt as a condition of admissibility into

evidence. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The state has the burden of going forward with sufficient evidence to lay a solid foundation for admitting the results of bodily substance tests. See *Newark v. Lucas, supra,* 40 Ohio St.2d at 103, 532 N.E.2d at 133, citing *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908.

The burden of proof beyond a reasonable doubt is not necessarily satisfied when the state meets the burden of going forward and the intoxilyzer result is admitted into evidence. R.C. 4511.19(A)(3) creates an anomaly in that the state may rely upon the same facts to establish a proper seizure, lay a sufficient foundation for admissibility, and establish validity of the breath sample analysis. That which distinguishes the state's possible assertions of these facts is the evidentiary burden placed upon the state.

■ As to asserting these facts, the burden of going forward is placed upon the state at either a pre-trial motion hearing or an evidentiary hearing pursuant to Evid.R. 104. See *State v. Hathaway* (Oct. 26, 1988), Summit App. No. 13582, unreported, 1988 WL 114454, citing *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. See, also, *Newark v. Lucas, supra.* At trial, however, if by cross-examination or otherwise, the defense places relevant facts in issue, the state must offer evidence concerning the relevant facts which establish beyond a reasonable doubt the two elements set forth in R.C. 4511.19(A)(3). See *State v. Boyd, supra;* see, also, *State v. Brown* (1975), 49 Ohio App.2d 104, 106, 3 O.O.3d 161, 162, 359 N.E.2d 706, 708.

In the case *sub judice,* the trial court exercised reasonable control over the mode and order of presenting evidence in conducting a hearing pursuant to Evid.R. 104, in order to determine the admissibility of Morlock's intoxilyzer test. Evid.R. 611(A). As the trial court assured Morlock, such a determination did not limit Morlock's right to introduce before the jury evidence relevant to weight or credibility. Evid.R. 104(E). Pursuant to Evid.R. 611(B), Morlock also could cross-examine on all relevant matters and matters affecting credibility.

■ Morlock was permitted to cross-examine the state's witnesses and present direct evidence before the jury concerning facts having any tendency to make the validity of the actual intoxilyzer result more probable or less probable. The trial court properly sustained the state's objections to Mor-

lock's questions and proffers of evidence which challenged the general accuracy of the legislatively determined test procedure. *Columbus v. Day* (1985), 24 Ohio App.3d 173, 174, 24 OBR 263, 264, 493 N.E.2d 1002, 1003; see, also, *State v. Bichsel* (June 17, 1987), Wayne App. No. 2209, unreported, 1987 WL 13645, citing *State v. Vega* (1984), 12 Ohio St.3d 185, 190, 12 OBR 251, 256, 465 N.E.2d 1303, 1308.

The trial court did not err in refusing to permit the jury to hear foundation evidence, for the purpose of determining admissibility of the intoxilyzer result, when Morlock was permitted to challenge before the jury the validity of that specific result.

The first assignment of error is overruled.

### Assignment of Error II

"The court erred when the [*sic*] overruled defendant's motion for an acquittal when the state presented no evidence that defendant had consumed any alcohol."

■ Morlock contends that the state must produce some evidence that a person charged with the *per se* offense under R.C. 4511.19(A)(3) consumed alcohol. Absent some evidence of alcohol, that person cannot be convicted of an alcohol-related crime.

Logically, a person who consumes no alcohol will not test in excess of the breath alcohol limit established in R.C. 4511.19(A)(3).

" * * * Accordingly, a person who has not consumed any alcohol and, yet, is confronted with the result of a test which indicates that he has an alcohol concentration in excess of the statutory limit, should be able to prove that he had nothing to drink. That evidence is relevant for the limited purpose of attempting to prove that something went awry with this particular test—in the case of a urinalysis, for example, perhaps specimens were inadvertently exchanged in the laboratory—even though the accused is unable to say what happened. This same situation would apply had the accused consumed a small quantity of alcohol. And, in each instance, expert testimony is available to assist the trier of fact to understand the evidence—to show that this accused could not have produced the test result claimed by the prosecution under these circumstances. The testimony of both the expert and the accused are [*sic*] limited to addressing the validity of his test; it would not be admissible, for example, as tending to show that the accused was not under the influence of alcohol, since that is not the charge under the *per se*

provisions." *Columbus v. Day, supra,* 24 Ohio App.3d at 174–175, 24 OBR at 265, 493 N.E.2d at 1004.

Morlock introduced no evidence concerning alcohol consumption which challenged the validity of his intoxilyzer result. Therefore, the trial court did not err in overruling the motion for acquittal.

The second assignment of error is overruled.

### Assignment of Error III

"The court erred when it determined that the mere evidence of speeding was sufficient probable cause to arrest the appellant for driving under the influence of alcohol."

Morlock contends that the trial court erred in not suppressing evidence or dismissing the charges against him when the only evidence of probable cause for his arrest was speeding. We agree with the authority which Morlock cites. *State v. Taylor* (1981), 3 Ohio App.3d 197, 198, 3 OBR 224, 225, 444 N.E.2d 481, 481; see, also, *State v. Finch* (1985), 24 Ohio App.3d 38, 24 OBR 61, 492 N.E.2d 1254. However, Morlock limited his motion to suppress to a challenge of probable cause for the traffic stop. He did not challenge the probable cause for his arrest under R.C. 4511.19(A)(1) or (3).

The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CIRIGLIANO, J., concurs.

REECE, P.J., concurs in judgment only.