This matter presents a timely appeal from a judgment rendered by the Belmont County Court, Western Division, Belmont County, Ohio, finding defendant-appellant, Leo Heisler, guilty of driving while under the influence in violation of R.C. 4511.19
(A)(1).
On or about January 22, 1997, Ohio State Patrolman Todd Criss (the trooper), while outside of his cruiser, heard appellant's defective exhaust. (Tr 3-4). The trooper followed appellant for some time with the pursuit lights of the cruiser off. (Tr 6). While following appellant, the trooper noticed him crossing the center line in violation of R.C. 4511.25, and pulled him over. (Tr 6).
The trooper had appellant perform "divided attention skills" and a nystagmus test, to check for poor coordination. (Tr 7). Both tests had detrimental indications.
The trooper then escorted appellant to the Ohio State Patrol barracks at 2:13 a.m. to administer a breathalyzer test. (Tr 12). The trooper administered the breathalyzer test and at 2:30 a.m. the test registered at .151, over the legal limit. (Tr 12). Appellant indicated that he wore dentures and the adhesive loosened causing gaps in the dentures, but the trooper did not administer the test again without the dentures. (Tr 19). Appellant does not allege to have ingested any alcohol or foreign substance from the time the trooper stopped him to the administration of the breathalyzer test.
On May 13, 1997, a hearing was held on appellant's motion to suppress the results of the breathalyzer test and to subsequently dismiss the charges. An administrative license suspension hearing was held at this time as well. Appellant requested that the trial court allow him to perform an experiment where he would consume two and a half to three and a half beers, then take the breathalyzer test with and without the dentures to determine the difference between the two tests. (Tr 24). Appellant also requested that the trial court listen to his vehicle to determine whether the trooper had sufficient cause to stop him. (Tr 22). The trial court refused to have the experiment conducted and also refused to listen to the vehicle. (Tr 22-25). It subsequently overruled appellant's motion to suppress the results of the breathalyzer test and to dismiss the charges. Appellant entered a no contest plea to the violation and the trial court sentenced him to thirty days in jail and ordered him to pay a fine of $1,000.00. This was appellant's second offense for driving under the influence. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court erred when it found Defendant-Appellant guilty of driving under the influence of alcohol despite the State of Ohio's failure to comply with the applicable Department of Health Regulations relative to the administration of the breath-alcohol test."
Appellant essentially argues that the trooper did not observe him for twenty minutes. Appellant relies on O.A.C.3701-52-02(B), which requires twenty minutes of observation. Appellant argues that the trooper brought him into the Ohio State Patrol barracks at 2:13 a.m. and the breathalyzer results came at 2:30 a.m. During this period there were many delays, one of which occurred when the trooper changed the mouthpiece of the breathalyzer machine. (Tr 9-10). Appellant acknowledges that the Ohio Supreme Court has held that only substantial and not literal compliance is required, State v. Plummer (1986),22 Ohio St.3d 292, 294, but contends that at most, the trooper observed him for ten minutes and this is not substantial compliance.
The trooper testified that he observed appellant for twenty minutes and that during that time appellant did not ingest any alcohol or foreign substance. (Tr 10). In State v. Steele
(1977), 52 Ohio St.2d 187, 192, the Ohio Supreme Court found a breathalyzer test admissible even though the officer did not observe the defendant continuously for twenty minutes. The defendant, in Steele, did not offer evidence showing he had ingested any alcohol or foreign substance during this twenty minute period prior to the breathalyzer test. Here, as inSteele, appellant did not offer any evidence suggesting consumption of alcohol or a foreign substance during the twenty minute period.
Also, in State v. Brown (1975), 49 Ohio App.2d 104, 106, the court held that lack of observation of the defendant for the full twenty minutes was not prejudicial, stating:
 "We * * * fail to see that the lack of observing him for every minute of the twenty minute period was, in any way, prejudicial to the defendant. Such a failure to observe, in this instance, would go to the weight of the evidence, rather than its admissibility."
Based upon the trooper's testimony that he observed appellant for twenty minutes and during that time appellant did not ingest alcohol or other foreign substances, and appellant's lack of evidence to the contrary, it is clear that substantial compliance with Ohio Department of Health Regulations in administering the breathalyzer test was met. The trial judge properly admitted the results of the breathalyzer test.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The verdict of the trial court is against the manifest weight of the evidence."
In State v. Riffle (1996), 110 Ohio App.3d 554, 559, the court stated:
 " 'In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010."
The first part of appellant's argument concerns the trial court's refusal to permit an experiment allowing him to breathe twice into a breathalyzer machine, once wearing his dentures and the other without them to determine the difference in tests. Appellant argues that the trial court's refusal denied him an opportunity to defend himself against the reading of the breathalyzer test.
The Ohio Supreme Court in Columbus v. Taylor (1988), 39 Ohio St.3d 162,164, held that out-of-court experiments are admissible if there is a substantial similarity between the conditions when the experiment was made and those existing at the time of the occurrence in dispute. It further held that the admission of such evidence is within the discretion of the trial judge and absent an abuse of discretion, a court of appeals will not interfere. Taylor supra.
In State v. Dehner (1991), 74 Ohio App.3d 431, 435, the court held that the trial court did not abuse its discretion in refusing to admit an out-of-court experiment involving the retention of alcohol in dentures. It reasoned that the experiment would not be similar to the conditions at the time of the breathalyzer test. Dehner supra. Here, the trial court's refusal to allow appellant to conduct the experiment is based on the belief that it would not be similar to the actual event. (Tr 25). This reasoning follows Dehner and therefore, the trial judge did not abuse his discretion.
Appellant's next argument is based upon the trial court's refusal to view and listen to his vehicle to determine whether the exhaust was defective. By virtue of the trial court's refusal, appellant argues that he was unable to show that the trooper lacked sufficient cause to stop him, thereby resulting in a pretextual stop. Appellant contends that such a stop is in violation of the Forth Amendment under United States v.Lefkovitz (1932), 285 U.S. 452 and State v. Richardson (1994),94 Ohio App.3d 501, 506.
The Ohio Supreme Court in Dayton v. Erickson (1996), 76 Ohio St.3d 3,11, held:
 "* * * where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity."
The Ohio Supreme Court has recently reinforced its decision in Dayton in State v. Wilhelm (1998), 81 Ohio St.3d 444.
The trooper testified that he had stopped appellant for having a defective exhaust (Tr 3-4) and for crossing the center line (Tr 6). Under Dayton even if the trooper had an ulterior motive for stopping appellant, here a suspicion of drunk driving, the reasons given for stopping him would not result in an unreasonable stop.
Furthermore, the trial court was under no obligation to listen to the vehicle for the same reasons as it did not have to permit the denture-breathalyzer experiment. Such a decision is not an abuse of discretion.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Hon. Edward A. Cox, Hon. Gene Donofrio, Hon. Joseph J. Vukovich, JUDGES.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 ------------------------- EDWARD A. COX, JUDGE