OPINION
{¶ 1} Appellant David W. Blake pleaded no contest in Southwest Area County Court, Columbiana County, to one count of driving under the influence ("DUI"). Prior to his plea, Appellant filed a motion to suppress evidence because he believed the arresting officers did not have probable cause to arrest him. Appellant is now appealing the trial court's decision overruling his motion to suppress. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In the early morning hours of Saturday, December 23, 2000, Appellant was driving his Chevy pickup truck in the southbound lanes of State Route 11 in Columbiana County, Ohio. At approximately 7:00 a.m., Appellant's truck, which may have been unmanned at the time, caused an accident in the southbound lanes of State Route 11. An Oldsmobile passenger car broadsided the pickup truck and the passenger in the Oldsmobile was propelled through the windshield. (4/11/01 Tr., p. 11). Appellant later told highway patrol troopers that his truck quit running, that he parked it on the side of the roadway and that he set the parking brake before leaving the vehicle. (4/11/01 Tr., p. 8-9). He told the troopers that he walked to a house about 500 feet from the highway but did not find anyone at home. When he returned to his truck, he found that an accident had occurred. (4/11/01 Tr., p. 8). Appellant denied hearing the crash. (4/11/01 Tr., p. 8).
 {¶ 3} Troopers James Oaks and Kenneth Robbins of the Ohio State Highway Patrol arrived on the scene at 7:11 a.m. (4/11/01 Tr., p. 6). They found the highway completely blocked by the accident. Appellant was seated in the cab of a semi-trailer truck that had stopped. The troopers noted that it was very cold, about 4-6 degrees, and that there was snow on the sides of the road but not on the highway itself. (4/11/01 Tr., p. 8).
 {¶ 4} Trooper Oaks interviewed Appellant at the scene. Appellant gave the above story to the officer. Appellant admitted to drinking "some cases of beer" with a friend the previous evening. (4/11/01 Tr., p. 9). Trooper Oaks noted a strong odor of alcohol from Appellant and that his eyes were red and glassy. (4/11/01 Tr., p. 8-10). Trooper Robbins also noticed that Appellant's skin was flushed. (4/11/01 Tr., p. 35).
 {¶ 5} Trooper Oaks had Appellant sit in the front passenger seat of his patrol car while Appellant gave him a statement. (4/11/01 Tr. 12). Trooper Oaks then called his supervisor and told him the details of the accident, stating that he did not think that Appellant had set the parking brake and stating that he would be bringing Appellant to the Highway Patrol post to pursue the investigation as it may involve alcohol and to arrange to have Appellant picked up by someone. (4/11/01 Tr. 11). Trooper Oaks did not handcuff Appellant or make him get into the back seat of the patrol car. Trooper Oaks also did not tell Appellant that he was under arrest at this time. (4/11/01 Tr. 12).
 {¶ 6} After arriving at the Highway Patrol post, Trooper Oaks was told by his supervisor to pursue charges against Appellant. (4/11/01 Tr., p. 12-13). Trooper Oaks then administered field sobriety tests to Appellant. Trooper Oaks did not administer these tests at the accident scene because it was too cold, he was not sure if his supervisor wanted to pursue charges, and because he was planning on taking Appellant to the Highway Patrol post anyway so that someone could pick him up. (4/11/01 Tr., p. 23).
 {¶ 7} After being taken to the Highway Patrol post, Appellant failed all six field sobriety tests. (4/11/01 Tr., p. 13-15). At that point, Trooper Oaks told Appellant he was under arrest. (4/11/01 Tr., p. 15).
 {¶ 8} Appellant was charged with a first offense DUI in violation of R.C. § 4511.19(A)(1) and (3), and with disobeying the requirements for leaving a vehicle unattended as set forth in R.C. § 4511.661. These are all misdemeanor offenses.
 {¶ 9} On December 27, 2000, Appellant pleaded not guilty to the charges.
 {¶ 10} On March 12, 2001, Appellant filed a motion seeking to suppress all evidence gathered after he was arrested on the basis that the arrest was illegal because it was not based on probable cause. Appellant also asserted that he was actually arrested at the scene of the accident. The hearing on the motion to suppress took place on April 11, 2001. Troopers Oaks and Robbins both testified at the hearing. The trial court overruled the motion at the end of the hearing.
 {¶ 11} On July 27, 2001, Appellant entered into a Crim.R. 11 plea agreement. Appellant pleaded no contest to one count of DUI in violation R.C. § 4511.19(A)(1). The other charges were dismissed. After a plea hearing, the court accepted the no contest plea and sentenced Appellant to 180 days in jail, 177 days suspended, a six-month license suspension, a $500 fine, two years of unsupervised probation, and required Appellant to attend a driver's intervention program at Steering Clear. This timely appeal followed.
 {¶ 12} Appellant's sole assignment of error asserts:
 {¶ 13} "THE TRIAL COURT PREJUDICIALLY ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO SUPPRESS BY FINDING THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO ARREST THE DEFENDANT/APPELLANT BASED UPON THE FACTS THAT WERE GATHERED BY THE OFFICERS PRIOR TO SAID ARREST."
 {¶ 14} Appellant argues that probable cause to arrest is based on the totality of the circumstances. See State v. Lloyd (1998),126 Ohio App.3d 95, 105, 709 N.E.2d 913. Appellant asserts that he was arrested at the scene of the accident and not at the Highway Patrol post. Appellant bases this conclusion on the following facts: 1) Trooper Oaks testified that Appellant was not free to leave the patrol car (4/11/01 Tr. 17, 26); 2) Trooper Robbins believed that Trooper Oaks put Appellant under arrest at the scene (4/11/01 Tr. 37); and the trial court did not rely on the field sobriety tests, implying to Appellant he was under arrest prior to the administration of those tests. Appellant argues that the results of the field sobriety tests, later administered at the Highway Patrol post, should not be used to prove that there was probable cause to arrest him.
 {¶ 15} Appellant argues that the facts established at the accident scene were insufficient to support a finding of probable cause to arrest him for DUI. Appellant cites four cases in support of his argument. InState v. Kolesar (Sept. 20, 2001), 10th Dist. No. 00AP-1435, the trial court suppressed the results of field sobriety tests, and then found there was insufficient evidence to support probable cause to arrest. The Tenth District Court of Appeals upheld the trial court's decision, noting that the state had provided evidence that there was an odor of alcohol about the defendant's person; that the defendant admitted to drinking; that the defendant had slurred speech; that the defendant used her vehicle for support upon exiting; and that the defendant was unable to recite the alphabet. Id. The court of appeals pointed out, though, that the trial court relied on only two facts (leaning on the car and the failure to recite the alphabet) in its determination that there was no probable cause to arrest. Id. The Kolesar court acknowledged that probable cause to arrest for DUI may be found even without field sobriety tests, citing State v. Homan (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d. Nevertheless, the Kolesar court affirmed the trial court's determination that there was no probable cause to arrest, based on the meager facts as they were recited and relied upon by the trial court.
 {¶ 16} Appellant also cites State v. Finch (1985),24 Ohio App.3d 38, 24 OBR 61, 492 N.E.2d 1254, which upheld a trial court judgment sustaining a motion to suppress due to lack of probable cause to arrest for DUI. In Finch, a park ranger stopped the defendant's car as part of the investigation of an altercation at a campground. The ranger approached the car and noticed that the defendant had a strong odor of alcohol, bloodshot eyes, flushed face, and slurred speech. The ranger immediately reached into the car and grabbed the keys out of the ignition. The Twelfth District Court of Appeals held that the act of grabbing the keys constituted an arrest, and that:
 {¶ 17} "there [was] no evidence that the officer witnessed any impaired motor coordination on the part of [the defendant], and it is not a violation of the law to drive smelling of alcohol, or with bloodshot eyes, a flushed face, or slurred speech. In other words, merely appearing to be too drunk to drive is not, in our opinion, enough to constitute probable cause for arrest." (Emphasis in original.) Id. at 40.
 {¶ 18} The Finch court also noted that, if the defendant had taken field sobriety tests and failed them, there would have been probable cause to arrest him. Id.
 {¶ 19} Appellant cites State v. Maguire (July 30, 2001), 5th Dist. No. 2000CA374, in which the trial court denied the defendant's motion to suppress. The Fifth District Court of Appeals reversed the trial court decision, holding:
 {¶ 20} "when a police officer does not observe impaired driving or impaired motor coordination, and has not performed field sobriety tests, an odor of alcohol is not sufficient probable cause for arrest for driving under the influence, even if it is coupled with other appearances of drunkenness such as bloodshot eyes or slurred speech." Id.
 {¶ 21} Appellant also cites this Court's decision in State v.Lloyd, supra, for the general proposition that an odor of alcohol, failure to pass field sobriety tests, an admission of drinking, slurred and rambling speech and bloodshot eyes are sufficient indicia to find that there was probable cause to detain and arrest a defendant for DUI.Lloyd, supra, 126 Ohio App.3d at 105.
 {¶ 22} Appellant asserts that the facts of the instant case do not support a finding of probable cause. Appellant interprets the evidence in his favor to show that he was not stumbling or having trouble walking, and in fact, walked to a nearby house and back; that his speech was not rambling; and that his flushed skin and red eyes could have been caused by the cold temperature rather than his consumption of alcohol. Appellant believes that the remaining evidence does not support a finding of probable cause to arrest for DUI. Furthermore, Appellant posits that the call Trooper Oaks made to his supervisor indicated that the trooper was not sure that there was probable cause to arrest. For these reasons, Appellant concludes that his motion to suppress should have been sustained.
 {¶ 23} Appellee argues that courts determine whether there was probable cause to arrest by looking at the totality of the circumstances, citing Homan, supra, 89 Ohio St.3d 421. Appellee argues that, under the totality of the circumstances test, the trial court correctly found that there was probable cause to arrest Appellant either at the scene of the accident or after field sobriety tests were administered. Appellee notes that the cases cited by Appellant can be distinguished because, in this case, there is evidence of erratic or unsafe operation of a vehicle leading to an accident. Appellant also admitted he drank a very large amount of alcohol the previous evening.
 {¶ 24} Appellee also asserts that the Finch case conflicts with the ruling of the Ohio Supreme Court in Homan and should be disregarded. As noted above, Finch held that, "it is not a violation of the law to drive smelling of alcohol, or with bloodshot eyes, a flushed face, or slurred speech." Finch, 245 Ohio App.3d at 40. In other words, Finch
held that these factors, by themselves, can never constitute probable cause to arrest for DUI. In contrast, the rule in Homan is that:
 {¶ 25} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." Id. at 427.
 {¶ 26} Appellee argues that Homan sets forth a flexible rule, and the failure to administer field sobriety tests, observe erratic driving, or to observe difficulty in walking, do not in and of themselves prevent a finding of probable cause to arrest.
 {¶ 27} Appellee concedes that Appellant's red eyes and flushed skin could have been caused by the cold weather, but argues that this was a factual determination left to the discretion of the trial court.
 {¶ 28} Appellee concludes that there was probable cause to arrest Appellant at the scene of the accident based on: Appellant's admission he was drinking; his strong odor of alcohol; Appellant's red, glassy eyes and flushed skin; the fact that an automobile accident occurred; and Appellant's assertion that he did not see or hear the accident, implying some kind of sensory impairment, possibly due to alcohol. Furthermore, Appellee maintains that the results of the field sobriety tests should be considered as part of the evidence supporting probable cause.
 {¶ 29} Because the facts of this case are very unusual and not likely to ever again occur, we must note at the outset of our review that our opinion may have little precedential value beyond the specific facts now before us. That said, we must begin our review of this unique situation just as we begin any appellate review, with an examination of our standard on review.
 {¶ 30} This Court has stated on many occasions that the standard of review of a trial court's ruling on a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Culberson (2001),142 Ohio App.3d 656, 660, 756 N.E. 734; State v. Sharpe (June 30, 2000), 7th Dist. No. 99 CA 510; Lloyd, supra, 126 Ohio App.3d at 100. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Venham
(1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. A reviewing court must accept the trial court's factual findings and its assessment of the credibility of witnesses. Culberson, 142 Ohio App.3d at 660. After accepting those facts as true, the reviewing court must independently determine as a matter of law whether the trial court met all applicable legal standards. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 31} Appellant's argument raises three questions: 1) whether Appellant was subject to full custodial arrest at the scene of the accident that would need to be supported by probable cause; 2) if Appellant was arrested at the scene of the accident, whether the troopers lacked probable cause to arrest him; and 3) if Appellant's arrest was not based on probable cause, and was therefore illegal, whether that justifies suppressing the subsequent evidence gathered by the state. If the answer to any of these three questions is in the negative, then Appellant's assignment of error must be overruled.
 {¶ 32} Had we been presented with nothing more than the record on appeal and the arguments contained in the respective briefs of the parties, it is possible to conclude that Trooper Oaks did not arrest Appellant at the scene of the accident. At oral argument, though, Appellee conceded that Appellant was arrested at the scene of the accident. Therefore, we will proceed to determine whether there was probable cause to arrest Appellant at the scene of the accident.
 {¶ 33} Generally, an officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. State v. Henderson (1990), 51 Ohio St.3d 54, 56, 554 N.E.2d 104. There is a recognized exception to this rule, however, "where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." Id., citingOregon v. Szakovits (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742.
 {¶ 34} The legal standard for determining whether the police had probable cause to arrest an individual for DUI is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." Homan, supra, at 427; Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 13 L.Ed.2d 142. "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol."Lloyd, supra, 126 Ohio App.3d at 104. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See State v. Miller (1997), 117 Ohio App.3d 750,761, 691 N.E.2d 703; State v. Brandenburg (1987), 41 Ohio App.3d 109,111, 534 N.E.2d 906.
 {¶ 35} In Szakovits, supra, the Ohio Supreme Court held that it was not necessary for an arresting officer to actually witness bad driving which amounts to a moving violation in order to effect an arrest for a misdemeanor offense of DUI if the officer arrived shortly after an automobile accident and if the defendant appeared intoxicated and admitted to operating the vehicle. Id. at 274.
 {¶ 36} Furthermore, when evaluating probable cause to arrest for DUI, "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered". Homan, supra, 89 Ohio St.3d at 427. The caselaw is in agreement that probable cause to arrest may exist, even without field sobriety tests results, if supported by such factors as: evidence that the defendant caused an automobile accident; a strong odor of alcohol emanating from the defendant; an admission by the defendant that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking. Szakovits,
supra, 32 Ohio St.2d at 273-274; Fairfield v. Regner (1985),23 Ohio App.3d 79, 84, 23 OBR 144, 491 N.E.2d 333; State v. Bernard
(1985), 20 Ohio App.3d 375, 376, 20 OBR 338, 485 N.E.2d 783; Westlake v.Vilfroy (1983), 11 Ohio App.3d 26, 27, 11 OBR 39, 462 N.E.2d 1241.
 {¶ 37} "[T]he weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence of alcohol."Regner, supra, 23 Ohio App.3d at 84.
 {¶ 38} A number of cases cite Finch for the proposition that probable cause must be supported by more than a strong odor of alcohol, bloodshot eyes, flushed fact and slurred speech. State v. Cooper (1997),120 Ohio App.3d 416, 420, 698 N.E.2d 64; State v. Morlock (1990),67 Ohio App.3d 654, 660, 588 N.E.2d 165; State v. Hughart (Feb. 23, 1990), 4th Dist. No. 88 CA 21; State v. McCaig (1988), 51 Ohio App.3d 94,97, 554 N.E.2d 925. The Finch line of cases all assume that the only
basis for arresting the defendant was the appearance of being intoxicated, and that this basis is insufficient to support a finding of probable cause to arrest.
 {¶ 39} Finch can easily be distinguished from the case at bar. There are additional facts to support a finding of probable cause in this matter beyond the type of facts mentioned in Finch. In the instant case there was an automobile accident involving Appellant's vehicle. Although Appellant may not have been in his vehicle when the accident occurred, it can be readily inferred that Appellant caused the accident by operating it in such a way as to leave it or cause it to be left in the middle of the highway. Appellant also admitted to driving the vehicle and admitted that he had "consumed some cases of beer that previous night." (4/11/2001 Tr., p. 9). Because the accident occurred early in the morning on December 23, 2000, the reference to the "previous night" could have meant that the drinking took place just a short time before the accident. These additional facts make Finch inapposite to our analysis. Based on the totality of the circumstances of this case, we conclude that there was probable cause to arrest Appellant at the scene of the accident.
 {¶ 40} For the aforementioned reasons, Appellant's sole assignment of error is overruled. The judgment of the Southwest Area County Court, Columbiana County, is affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.