THE STATE OF OHIO, APPELLEE, *v.*
GOOD, APPELLANT.

(No. 2291—Decided
December 9, 1987.)

*Frank C. Oehl,* assistant prosecuting attorney, for appellee.
*Craig R. Reynolds,* for appellant.

CACIOPPO, J. At approximately 11:30 p.m. on May 2, 1987, Sergeant Robert Merillat of the Wooster Police Department received a radio dispatch that a local drive-thru beverage store had called to report that a car containing several individuals had driven through, attempted to purchase alcoholic beverages, and left when asked for identification. A description and license plate number of the car were provided. Approximately one hour later, Sergeant Merillat observed a car matching the description. The officer stopped the car which was being driven by the defendant-appellant, Brian Good. Upon checking Good's driver's license, Merillat discovered that Good's license had been suspended. Good was cited and arrested pursuant to R.C. 4507.02; he was released on bond and pleaded not guilty.

Good made a motion to dismiss the charges which the trial court treated as a motion to suppress for lack of probable cause to stop or arrest. Sergeant Merillat was the only witness to testify for the state at the hearing on this motion. Upon cross-examination, Merillat testified that he acted solely on the information in the dispatch and was personally unaware of any of the circumstances which led up to it. After the state rested its case, Good moved for suppression on the ground that the prosecution failed to present evidence of a factual basis for the dispatch. The trial court denied the motion. Good then entered a plea of no contest; he was found guilty, fined $400, sentenced to ninety days in jail, and his driver's license was suspended for one year. Good now appeals.

Assignment of Error

"The trial court erred in denying appellant's motion to suppress when it found that a radio broadcast alone, unsupported by any evidence at the motion to suppress hearing, provided probable cause for an investigative stop of appellant's automobile."

The issue presented here is narrow in scope. We must decide whether the state is required, at a hearing to suppress evidence, to prove the factual basis for a radio dispatch which eventually led to the stop and subsequent arrest of a criminal defendant. Appellant urges us to adopt the reasoning in *State* v. *Hill* (1981), 3 Ohio App. 3d 10, 3 OBR 10, 443 N.E. 2d 198, syllabus, where the court held that:

"While the police are entitled to rely upon and obey directives issued by means of a radio broadcast, the broadcast itself does not provide reasonable cause for an investigative stop. Where a defendant in a criminal proceeding challenges the legality of an in-

vestigative stop made in response to a police broadcast, it is incumbent upon the prosecution to present evidence showing the factual basis for the broadcast."

We decline to adopt this holding. See *State* v. *Thompson* (Aug. 27, 1986), Wayne App. No. 2161, unreported (personal knowledge of stopping officer not necessary where that officer relies on collective knowledge gleaned from other valid sources). The appellant's assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.