The STATE of Ohio, Appellee,

v.

COOPER, Appellant.

[Cite as *State v. Cooper* (1997), 120 Ohio App.3d 416.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0109.

Decided May 27, 1997.

*Victor V. Vigluicci*, Portage County Prosecuting Attorney, and *G. Steven Palmer, Jr.*, Assistant Prosecuting Attorney, for appellee.

*William J. Cooper, pro se.*

FORD, Presiding Judge.

This is an accelerated appeal from the Portage County Municipal Court, Kent Division. Appellant, William J. Cooper, appeals a judgment finding him guilty of violating R.C. 4511.19(A)(1) and 4511.19(A)(3).

The parties agreed to a stipulation of facts in the trial court, and the court basically adopted those facts in its judgment entry.[1] At approximately 2:59 a.m. on December 15, 1994, a Brimfield Township police officer found appellant in a motor vehicle in the parking lot of the East End Welding Company in Brimfield, Ohio. Appellant was sitting in the driver's seat and was sleeping. The automobile's engine was not running, but the keys were in the ignition. The officer knocked on the automobile window, aroused appellant, and observed an odor of

---

1. There is no transcript of the proceedings, nor an agreed statement of facts pursuant to App.R. 9(C). The only facts before this court emanate from the parties' stipulations in the trial court.

alcohol. At approximately 4:09 a.m., appellant was administered a breath-alcohol test, which showed that he had a prohibited blood-alcohol concentration of .17 grams of alcohol per two hundred ten liters of breath.

Appellant was charged with violating R.C. 4511.19(A)(1) and 4511.19(A)(3). Appellant subsequently filed motions to dismiss, to suppress, and *in limine*. The parties agreed that the trial court would make its findings for purposes of appellant's motions, as well as for trial, based upon the parties'·stipulations. In a judgment entry filed July 24, 1995, appellant's motions were overruled by the trial court, and the court found appellant guilty of violating R.C. 4511.19(A)(1) and 4511.19(A)(3). Appellant was sentenced to ten days in the Portage County Jail and was fined $450. Appellant's driver's license was also suspended for one hundred eighty days. Execution of the sentence was stayed pending this appeal. Appellant filed a timely notice of appeal and now raises the following assignments of error:

"[1.] The trial court erroneously determined that a criminal prosecution under Ohio Revised Code 4511.19, after an administrative license suspension under Ohio Revised Code 4511.191, is constitutionally valid, and, therefore, the trial court erroneously overruled [appellant's] motion to dismiss.

"[2.] The trial court erred in finding that the defendant who, with the public's welfare in mind and while not yet under the influence of alcohol, in order to prevent a violation of the law and with no intent to operate the vehicle further, by consciously pulling over and legally parking in a public lot, operated the vehicle 'under the influence' as defined in Ohio and thus violated R.C. 4511.19.

"[3.] The trial court erred in finding that the arresting officer had probable cause for the arrest.

"[4.] The trial court erred in finding appellant in violation of R.C. 4511.191(A)(1) because R.C. 4511.191(A)(1) merely states the grounds and procedure for administering a chemical test and, therefore, cannot be violated."

In the first assignment, appellant asserts that his conviction for violating R.C. 4511.19(A)(1) and 4511.19(A)(3), after receiving an administrative license suspension, violates the constitutional prohibition against double jeopardy. Pursuant to the holding of the Supreme Court of Ohio in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, paragraph one of the syllabus, this assignment is without merit.

In the second assignment of error, appellant claims that he was not "operating" a motor vehicle and, therefore, could not have been liable for a violation of R.C. 4511.19. A person sitting in the driver's seat of an automobile with the keys in the ignition is "operating" a motor vehicle under R.C. 4511.19

even if the engine is not running. *State v. Gill* (1994), 70 Ohio St.3d 150, 637 N.E.2d 897, syllabus. In the present case, appellant was seated in the driver's seat of the vehicle with the keys in the ignition. Therefore, appellant was operating a motor vehicle for purposes of R.C. 4511.19. Appellant's second assignment of error is not well taken.

In the third assignment, appellant asserts that the officer did not have probable cause to arrest appellant. First, we must determine whether the officer had a reasonable, articulable suspicion that appellant was involved in criminal activity to permit the officer to perform an investigatory stop. See *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In *State v. Brogdon* (Jan. 27, 1995), Trumbull App. No. 92–T–4746, unreported, at 4, 1995 WL 434083, this court held:

"[A]n officer's suspicion can be based solely upon information received from a radio dispatch, and * * * the state [is] not required to prove the factual basis of the dispatch as part of its burden of proof in response to a motion to suppress. See, *e.g., State v. Good* (1987), 37 Ohio App.3d 174 [525 N.E.2d 527]. This holding is predicated upon the proposition that police officers should be allowed to presume the accuracy of the dispatch. *State v. Penn* (Aug. 2, 1994), Franklin App. No. 93AP–953, unreported, at 10 [1994 WL 409758]."

In the present case, the officer relied upon a dispatch he received at approximately 3:00 a.m. concerning a vehicle parked in the parking lot of the East End Welding Company. Based solely upon the dispatch regarding that particular vehicle with a subject seated in it, the officer had a reasonable, articulable suspicion to justify conducting an investigation. Furthermore, the officer then made other observations that warranted the investigatory *Terry* stop of appellant, including his observation that appellant was sleeping in a private parking lot at approximately 3:00 a.m. Therefore, based upon the totality of the circumstances surrounding the officer's investigatory stop, we conclude that the officer had a reasonable, articulable suspicion that appellant was engaged in criminal activity; thus, his investigatory stop of appellant was justified. See *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus.

Next, we must determine whether the officer had probable cause to arrest appellant for a violation of R.C. 4511.19. In *State v. Finch* (1985), 24 Ohio App.3d 38, 40, 24 OBR 61, 63–64, 492 N.E.2d 1254, 1257, the court held:

"In the case at bar, there is no evidence that the officer witnessed any impaired motor coordination on the part of appellee, and it is not a violation of the law to drive smelling of alcohol, or with bloodshot eyes, a flushed face, or slurred speech. In other words, merely *appearing* to be too drunk to drive is not, in our

opinion, enough to constitute probable cause for arrest. Had [the officer] instructed appellee to perform field sobriety tests prior to placing him under arrest, and had appellee failed the tests, she would have had reasonable grounds to believe that he was operating the vehicle while under the influence of alcohol, at which time she would have had probable cause to arrest appellee. The record as it stands, however, indicates that the arrest at issue was premature."

In the present case, the officer arrested appellant for a violation of R.C. 4511.19(A)(1), which prohibits the operation of a motor vehicle while under the influence of alcohol. However, the officer relied on far fewer facts than were present in *Finch* to determine that there existed probable cause to arrest appellant. The only facts upon which the officer relied were the odor of alcohol emanating from the interior of appellant's automobile and the fact that he was sleeping in his vehicle in a private parking lot at approximately 3:00 a.m. There is no evidence that indicates that appellant had slurred speech, bloodshot eyes, or a lack or coordination. See, *e.g.*, *State v. Burger* (1986), 33 Ohio App.3d 231, 515 N.E.2d 640. Also, there is no evidence in the record that appellant was subjected to field sobriety tests. Consequently, the officer did not have probable cause to arrest appellant for a violation of R.C. 4511.19(A)(1), because there is no evidence of impaired driving ability.[2] Accordingly, the trial court erred in overruling appellant's motion to suppress. Appellant's third assignment of error is well taken.

In the fourth assignment, appellant claims that the trial court erred in finding him guilty of violating R.C. 4511.191(A). There are two judgment entries dated July 24, 1995. One judgment entry properly listed violations of R.C. 4511.19(A)(1) and 4511.19(A)(3), but the other erroneously listed a violation of R.C. 4511.191(A)(1). Appellant was sentenced for only one violation; thus, there was no prejudice to appellant. Appellant's fourth assignment of error is without merit.

For the foregoing reasons, appellant's third assignment of error is well taken. The judgment of the Portage County Municipal Court, Kent Division, is reversed, and judgment is entered in favor of appellant.

*Judgment reversed.*

CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.

---

2. We note, however, that under certain limited factual situations, an officer may have an independent probable cause to arrest under R.C. 4511.19(A)(3), which prohibits operating a motor vehicle with a prohibited blood-alcohol content.