O P I N I O N
Appellant Jon Michael Harrop appeals the decision of the Court of Common Pleas, Muskingum County, which denied his motion to suppress evidence stemming from his arrest for operating a motor vehicle under the influence of alcohol and leaving the scene of an accident. The relevant facts leading to this appeal are as follows.
On January 9, 1999, at approximately 2 a.m., Sergeant Tony Coury and Patrolman Brian McCutcheon of the Zanesville Police Department were dispatched to the site of a reported "hit-skip" motor vehicle accident near 1146 Greenwood Avenue in Zanesville. The weather that night was cold, with a mix of snow and freezing rain. At the scene, the officers spoke with Daniel Norris, who stated he had observed a burgundy-colored automobile leaving the scene after apparently hitting two parked cars, although there were no eyewitnesses at the suppression hearing to the actual collision or the immediate identity of the driver of the burgundy car. The officers then proceeded from the accident site to the parking lot of the East End Bar, further up Greenwood Avenue. At this spot they noticed a stationary red-colored Toyota Celica with damage to its front end and smoke coming from beneath the hood, engine running. Although the officers detected tire tracks in the parking lot, they observed that there were no footprints leading from the Toyota. As the officers approached the Toyota, they observed appellant sitting in the driver seat, apparently asleep or unconscious and slumping forward.
McCutcheon at that time opened the driver's side door of the Toyota. At that point, Sergeant Coury reached in the vehicle and removed the keys from the ignition. The officers detected a strong odor of alcoholic beverage about appellant's person, and observed that his eyes were bloodshot. The officers asked appellant for his name, to which he simply replied "Mike." They then asked appellant to step of the car, which he did without major incident. Immediately upon his exit from the vehicle, appellant was placed under arrest for OMVI. The officers conducted no field sobriety tests in the parking lot.
The officers transported appellant to the police station. However, appellant there refused to perform any field sobriety tests and refused to submit to a breathalyzer test.Appellant was subsequently indicted by the Muskingum County Grand jury for felony OMVI, operation of a motor vehicle on a suspended license, and leaving the scene of an accident.
On January 20, 1999, appellant appeared for arraignment and entered pleas of not guilty to the charges. On August 16, 1999, appellant filed a motion to suppress, alleging a lack of probable cause for arrest. Following a hearing on November 15, 1999, the trial court overruled appellant's motion to suppress and scheduled the matter for trial.
On May 1, 2000, pursuant to plea negotiations, including unrelated charges in another case, appellant withdrew his former pleas of not guilty and entered pleas of no contest to each count in the indictment.[1] The trial court accepted appellant's no contest pleas and proceeded to enter a finding of guilt as to each charge. Appellant was thereupon sentenced on August 17, 2000.
On August 18, 2000, appellant filed his notice of appeal, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHEREAS THE STATE LACKED PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLANT FOR OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL.
 I.
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysiner, supra.
In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing his Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
An officer has probable cause to arrest if the facts and circumstances within the officer's knowledge are sufficient to cause a prudent person to believe that a suspect has committed the offense. State v. Heston
(1972), 29 Ohio St.2d 152. An officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See, e.g., Atwell v. State
(1973), 35 Ohio App.2d 221 . Commencing with State v. Finch (1985),24 Ohio App.3d 38, appellant cites a number of cases which generally hold that the oft-cited indicia of intoxication, i.e. bloodshot eyes, slurred speech, and/or an odor of alcoholic beverage, are insufficient by themselves to demonstrate probable cause for an OMVI arrest. See Statev. Cooper (1997), 120 Ohio App.3d 416; State v. Cloud (1991),61 Ohio Misc.2d 87; State v. Cochran (Aug. 6, 1990), Warren App. No. CA89-11-070, unreported. A review of these cases reveals that onlyCochran involved a motor vehicle accident; in the remaining cases, the paramount concern was the absence of evidence of actual impaired driving. However, even if Cochran were controlling authority on this Court, we note that the issue on appeal therein was whether the conviction was supported by the manifest weight of the evidence, not whether probable cause existed, despite the Twelfth District's citation to Finch. Additionally, the defendant in Cochran was injured and transported to a hospital, and theorized at trial that his physical indicators were attributable to his injuries. Such a theory is not plausible under the facts of the case sub judice.
Appellant likewise directs us to our decision in City of Mansfield v.Lindsey (Aug. 3, 1994), Richland App. No. 93CA100, unreported, wherein we held:
 However, when a police officer does not observe impaired driving or impaired motor coordination, and has not performed field sobriety tests, an odor of alcohol is not sufficient probable cause for arrest for driving under the influence, even if it is coupled with other appearances of drunkenness such as bloodshot eyes or slurred speech. Although the officer testified that he observed these things, Appellee [defendant] had been injured in the collision and those things could have been attributed to those injuries.
Id. at 3.
Nonetheless, we find the situation in Lindsey distinguishable from the record before us in the case sub judice. We initially note the fact inLindsey that, although an a collision with a police cruiser had occurred, the defendant was not considered at fault. Id. at 2. In contrast, the transcript herein reveals that Norris, a neighborhood resident, after hearing a crash, looked outside and observed a damaged burgundy-colored vehicle pull away from the scene of the impact involving the two parked cars. After going outside, the owner of one parked vehicle stated that the fleeing car had just hit her car. Soon after the officers arrived, they were directed by information from Norris, who told them, as he later testified, that he had attempted pursuit of the burgundy car up Greenwood Avenue, losing sight of it briefly as he jumped into his vehicle and turned around. He was nonetheless confident that the burgundy car in the East End Bar lot was the one involved in the accident. Tr. at 8. After Norris returned to the accident site on Greenwood, the police officers proceeded to the nearby East End parking lot and observed a similarly colored vehicle with indicia of fresh front-end damage and smoke or steam coming from under the hood. No footprints were found to create an inference that another driver might be involved. Upon our examination of the "totality" of facts and circumstances surrounding the arrest, see State v. Homan (2000), 89 Ohio St.3d 421, we believe the foregoing would lead a reasonably prudent person to conclude that appellant had engaged in impaired driving via the occurrence of the collision with the parked vehicles, despite a lack of clear eyewitness observation thereof. Taken in conjunction with the aforementioned "common indicia" of intoxication, the set of circumstances as a whole gives rise to probable cause to believe that appellant was operating a motor vehicle while under the influence of alcohol.
Upon review, we find no error in the trial court's denial of appellant's motion to suppress. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
 ______________________ Wise, J
By: Hoffman, P. J., and Boggins, J., concur.
[1] The state indicates that it was never made aware, during the plea discussions, that appellant intended to appeal the decision at issue. However, because this information is outside the record, it is not taken into consideration by this Court in our present analysis.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.