OPINION
This is an appeal from a decision of the Muskingum County Court of Common Pleas.
 STATEMENT OF FACTS
Appellant was cited on November 4, 2000, for various traffic offenses including operating a motor vehicle while intoxicated, R.C. §4511.19(A)(3).
A motion to suppress based upon non-compliance with the National Highway Traffic Safety Administration Standards (NHTSA) was filed on December 11, 2000, with the hearing thereon on December 29, 2000.
On February 20, 2000, the trial court sustained such motion as to the horizontal gaze and nystagmus test but denied the same as to the walk and turn test. The trial court also found probable cause to arrest based on the totality of the circumstances.
A second motion to suppress was filed and denied without hearing on March 13, 2001.
A no-contest plea was subsequently entered.
The investigative facts upon which the citation was based indicated to Deputy Van Dyne that appellant's vehicle had struck a house on November 4, 2000, which was located about fifty feet off State Route 93. Such collision caused significant damage to appellant's truck.
The Deputy, upon contacting appellant, found him smelling of alcohol and staggering. (T. at 9). He fumbled for his driver's license. Appellant admitted to consumption of about five beers. (T. at 10).
Prior to the walk and turn test, the Deputy, as required by NHTSA instructions provided instructions. (T. at 12). He testified that appellant failed to touch heel to toe on six of the nine steps forward, none in returning, staggered, and stepped off the line and turned incorrectly. (T. at 14).
Appellant refused to perform the one leg stand.
The Assignments of Error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS THE ARREST AND EVIDENCE TO THE EXTENT THAT THE TRIAL COURT ADMITTED THE RESULTS OF THE WALK AND TURN TEST BECAUSE THE STATE FAILED TO PROVE THAT THE TEST WAS ADMINISTERED IN COMPLIANCE WITH THE NATIONAL HIGHWAY SAFETY ADMINISTRATION US [SIC] DEPARTMENT OF TRANSPORTATION DEW [SIC] DETECTION STANDARDIZED FIELD SOBRIETY TESTING STUDENT MANUAL 2000.
 II THE TRIAL COURT ERRERED [SIC] IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS TO THE EXTENT THAT THE TRIAL COURT FOUND THAT A TOTALITY OF CIRCUMSTANCES EXISTED PROVIDING THE ARRESTING OFFICER WITH PROBABLE CAUSE TO BELIEVE THAT THE APPELLANT WAS OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
 III THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS APPELLANT'S ARREST BECAUSE THAT [SIC] THE STATE FAILED TO ESTABLISH A CHRONOLOGY OF EVENTS WHICH WOULD ESTABLISH THAT THE APPELLANT WAS DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
 I.
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger, supra.
In reviewing the trial court's decision as to the admissibility of the walk and turn test this court must review such test in conformity with the decision of the Ohio Supreme Court in State v. Homan (2000),89 Ohio St.3d 421, which requires strict compliance with the standards of the NHTSA.
In such case the court determined that probable cause for arrest existed notwithstanding a failure of strict compliance with the standards of the NHTSA. However, in such case the officer had observed erratic driving in addition to the smell of alcohol, admission of consumption, and red and glassy eyes.
In the case sub judice, Deputy Van Dyne observed the damage to the residence approximately fifty feet from the roadway and to the appellant's vehicle, the smell of alcohol from appellant, his staggering and his admission of consumption. Then, appellant's performance of the walk and turn test was observed by such Deputy.
The court in Homan went on to examine the necessity for strict compliance with such standards in the absence of sufficient indicia of impairment.
The court stated:
 When field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable. In an extensive study, the National Highway Traffic Safety Administration ("NHTSA") evaluated field sobriety tests in terms of their utility in determining whether a subject's blood-alcohol concentration is below or above the legal limit. The NHTSA concluded that field sobriety tests are an effective means of detecting legal intoxication "only when: the tests are administered in the prescribed, standardized manner[,] * * * the standardized clues are used to assess the suspect's performance[, and] * * * the standardized criteria are employed to interpret that performance." National Highway Traffic Safety Adm., U.S. Dept. of Transp., HS 178 R2/00, DWI Detection and Standardized Field Sobriety Testing, Student Manual (2000), at VIII-3. According to the NHTSA, "[i]f any one of the standardized field sobriety test elements is changed, the validity is compromised." Id. Experts in the areas of drunk driving apprehension, prosecution, and defense all appear to agree that the reliability of field sobriety test results does indeed turn upon the degree to which police comply with standardized testing procedures. See, e.g., 1 Erwin, Defense of Drunk Driving Cases (3 Ed.1997), Section 10.06; Cohen Green, Apprehending and Prosecuting the Drunk Driver: A Manual for Police and Prosecution (1997), Section 4.01
 We too have recognized that while field sobriety tests are a potential effective means of identifying intoxicated drivers, these tests' reliability depends largely upon the care with which they are administered.
The standard of review for manifest weight and sufficiency of the evidence challenges is set forth in State v. Jenks (1981),61 Ohio St.3d 259, syllabus two:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the Appellant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
The weight to be given the evidence introduced and the credibility of the witnesses are primarily for the trier of fact to determine. State v.Thomas (1982), 70 Ohio St.2d 79, syllabus. Further, it is not the function of an appellate court to substitute its judgment for that of the fact finder. Jenks, supra, at 279.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
On cross-examination of the deputy and on direct of the appellant an attempt was made to indicate a foot injury prevented performance. However, appellant acknowledged such injury would not prevent heel to toe touching. (T. at 40).
In this case we find that sufficient competent, credible evidence existed for the trial court's determination as to the admissibility of the walk and turn test.
The First Assignment of Error is therefore rejected.
 II.
As to the Second Assignment of Error, an officer has probable cause to arrest if the facts and circumstances within the officer's knowledge are sufficient to cause a prudent person to believe that a suspect has committed the offense. State v. Heston (1972), 29 Ohio St.2d 152. An officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See, e.g., Atwell v. State (1973), 35 Ohio App.2d 221. Commencing with State v. Finch (1985), 24 Ohio App.3d 38, there are a number of cases which generally hold that the oft-cited indicia of intoxication, i.e. bloodshot eyes, slurred speech, and/or an odor of alcoholic beverage, are insufficient by themselves to demonstrate probable cause for an OMVI arrest. See State v. Cooper (1997),120 Ohio App.3d 416; State v. Cloud (1991), 61 Ohio Misc.2d 87; State v.Cochran (Aug. 6, 1990), Warren App. No. CA89-11-070, unreported.
In this case, as stated previously, the Deputy under such totality of circumstances with the damage observed, the condition of appellant and admission of consumption had sufficient probable cause to effect an arrest.
The Second Assignment of Error is rejected.
 III.
The Third Assignment of Error alleges that the State failed to establish the chronology of events to establish driving under the influence.
While we recognize that such can be important in an individual case as the Supreme Court has stated, it also held that each case of this nature must be decided on its own facts. City of Oregon v. Szakovits (1972),32 Ohio St.2d 140.
In this case appellant clearly explains that on the evening of the events he left the Moose Lodge after consuming about five drinks, stopped to get gas and lost control of his vehicle and that all events occurred around midnight. (T. at 37-38).
There is therefore no basis for this Third Assignment of Error. Appellant did not testify as to any lapse of time occurring when he took the stand.
The Third Assignment of Error is denied.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.