OPINION
Thomas Dunckleman pled no contest to driving under the influence after the Montgomery County Court of Common Pleas overruled his motion to suppress and motion to dismiss. The court found him guilty and sentenced him to fourteen months imprisonment. Dunckleman appeals from this conviction, raising two assignments of error.
The state's evidence established the following facts.
On January 25, 2001, Dunckleman was involved in an accident with Sonya Snyder. The accident occurred when the car in front of Snyder slammed on its brakes, forcing her to stop to avoid hitting it. Dunckleman, who was traveling behind Snyder, hit the rear of her car. Following the accident, the police were called. As Snyder and Dunckleman were waiting for the police to arrive and discussing what had happened, Snyder noticed that Dunckleman smelled of alcohol and that his speech was slurred.
When Officer Thomas Crawford arrived at the scene shortly after the accident, he too observed a strong odor of alcohol on Dunckleman's breath. He further observed that Dunckleman's speech was heavily slurred and that he had difficulty walking, stumbling repeatedly during the walk from his vehicle to Officer Crawford's cruiser. Officer Crawford requested that Dunckleman sit in his cruiser while they waited for another unit. When the second unit arrived, the officers requested that Dunckleman perform a series of field sobriety tests. The first test was the one-leg stand. Dunckleman stated, "I can't do this one when I'm sober," and refused to perform any other tests or submit to a Breathalyzer test.
Officer Crawford then decided to arrest Dunckleman for driving under the influence and for a minor traffic offense. Following his arrest and transportation to the jail, Dunckleman requested to take a Breathalyzer test but was not permitted to do so because more than two hours had passed since the accident. Dunckleman was released from jail the next day. On March 15, 2001, Dunckleman filed a waiver of time requirements for grand jury purposes. He was indicted on May 21, 2001, on one count of driving while under the influence, which was a felony due to his three previous convictions for that offense.
On July 3, 2001, Dunckleman filed a motion to suppress. At the hearing on Dunckleman's motion, the state called Snyder to testify but then requested a continuance because Officer Crawford was not present. The trial court continued the hearing until July 31, 2001. On that date, the state requested a second continuance, which was granted. The hearing was continued until September 19, 2001, with the time to run against the state for speedy trial purposes. On September 12, 2001, Dunckleman filed an expanded motion to suppress containing a "second prong." The state then requested a third continuance at the September 19, 2001 hearing. The hearing was again continued until October 11, 2001, at which time it was concluded. The trial court denied Dunckleman's motions on October 19, 2001.
A scheduling conference was set for October 23, 2001. At Dunckleman's request, it was continued until November 13, 2001. On that date, trial was set for January 28, 2002. On January 24, 2002, Dunckleman filed a motion to dismiss, arguing that his right to a speedy trial had been violated. The trial court overruled that motion on January 29, 2002. Dunckleman entered a plea of no contest on that date. On February 19, 2002, the trial court sentenced Dunckleman to fourteen months imprisonment.
Dunckleman appeals, raising two assignments of error.
"I. THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HIS MOTION TO SUPPRESS."
Under this assignment of error, Dunckleman argues that the police lacked probable cause to arrest him for driving while under the influence. However, as no evidence had been obtained subsequent to his arrest, the issue of whether the police had had probable cause to arrest him was irrelevant. State v. Hoskins, Darke App. No. 1544, 2001-Ohio-1632. All the evidence referenced in Dunckleman's motion his statement that he could not do the one-leg stand while sober, his refusal to submit to a Breathalyzer, and the observations of Officer Crawford had been obtained prior to Dunckleman's arrest. Therefore, even if we were to conclude that the police had lacked probable cause to arrest Dunckleman, there was no evidence to suppress. In fact, in his brief to this court, Dunckleman has failed to point to any piece of evidence that he argues the trial court should have suppressed.
As we noted with regard to the defendant in Hoskins, Dunckleman could have argued at trial that the evidence against him was insufficient to support a conviction for driving while under the influence. Id. This would have been the more appropriate forum for the argument Dunckleman seeks to make. However, Dunckleman instead filed his motion to suppress and then pled no contest upon the trial court's denial of that motion. In any case, we believe that Officer Crawford did have probable cause to arrest Dunckleman.
In determining whether police had probable cause to arrest someone for driving while under the influence, a trial court is to consider "whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan,89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952, citing Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. In this case, several factors supported the trial court's finding that Officer Crawford had had probable cause to arrest Dunckleman.
Both Officer Crawford and Snyder testified at the hearing on the motion to suppress that they had smelled alcohol on Dunckleman, with Officer Crawford testifying that it had been a "strong" smell of alcohol. Both further testified that Dunckleman's speech had been slurred. Officer Crawford recalled that Dunckleman's speech had been "heavily slurred" and that he had had difficulty walking.
Dunckleman's main argument with respect to probable cause appears to be that Officer Crawford had not seen him driving. We find this argument unpersuasive. Officer Crawford had spoken to Snyder, who had seen Dunckleman driving his vehicle. Furthermore, Officer Crawford encountered Dunckleman in an intoxicated state at the scene of an accident which had just occurred and in which Dunckleman's car had been involved. Dunckleman gave no other explanation for how the car came to be at that location, and he did not claim that he had started drinking after the accident. We believe it was a reasonable inference that Dunckleman had operated his vehicle while in the intoxicated state in which Officer Crawford had found him.
Other courts have found probable cause to arrest where the defendant was involved in an unobserved single-car accident as long as there were sufficient indicia of intoxication and no other reasonable explanation existed for the accident. See, e.g., State v Bernard (1985),20 Ohio App.3d 375, 377, 486 N.E.2d 866; Westlake v. Vilfroy (1983),11 Ohio App.3d 26, 462 N.E.2d 1241, paragraph one of the syllabus. The cases that Dunckleman cites to support his argument are cases where there was insufficient evidence that the defendant had been driving while intoxicated. See State v. Cooper (1997), 120 Ohio App.3d 416, 421,698 N.E.2d 64 (finding no probable cause where the defendant was found sleeping in his vehicle and the officer observed a smell of alcohol but no other indicia of intoxication); State v. Finch (1985),24 Ohio App.3d 38, 40, 492 N.E.2d 1254 (finding no probable cause despite several signs of intoxication where the officer did not observe any erratic driving); State v. Taylor (1981), 3 Ohio App.3d 197, 197-98,444 N.E.2d 481 (finding no probable cause based only upon a speeding violation and the smell of alcohol). In this case, Snyder observed Dunckleman driving the automobile and told Officer Crawford about the accident. Furthermore, the accident itself constituted evidence of impaired driving. Officer Crawford also observed several indicia of intoxication: a strong smell of alcohol, heavily slurred speech, and difficulty walking. Therefore, we conclude, based upon all of the facts known to Officer Crawford, that probable cause existed to arrest Dunckleman for driving while under the influence.
The first assignment of error is overruled.
"II. THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HIS MOTION TO DISMISS."
Under this assignment of error, Dunckleman argues that the charges against him should be dismissed because he was not brought to trial within the time required by R.C. 2945.71. That section mandates that a person charged with a felony be brought to trial within 270 days. R.C.2945.71(C)(2).
Dunckleman was arrested on January 25, 2001. The date of the arrest does not count against the state, State v. Stamps (1998),127 Ohio App.3d 219, 223, 712 N.E.2d 762, so we begin counting on January 26, 2001. From January 26, 2001 until Dunckleman filed his waiver of time requirements for grand jury purposes on March 15, 2001, 49 days ran against the state. Dunckleman was then indicted on May 21, 2001. The state makes two arguments that we will address at this point. First, the state argues that time did not start to run until Dunckleman was indicted on May 21, 2001 pursuant to State v. Broughton (1991), 62 Ohio St.3d 253,581 N.E.2d 541. We disagree. R.C. 2945.71(C)(2) clearly states that a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." (Emphasis added). See, also, Stamps, supra. The supreme court did not hold to the contrary inBroughton, but held that the time between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment based upon the same facts did not run against the state when the defendant was not jailed or released on bail. Broughton, 62 Ohio St.3d at paragraph one of the syllabus.
The state's second argument is that the time between March 15, 2001, when Dunckleman filed a waiver of time requirements for purposes of the grand jury, and May 21, 2001, when he was indicted, was tolled. The trial court concluded that Dunckleman's waiver had tolled this period, and we agree.
Between May 21, 2001 and July 3, 2001, when Dunckleman filed his motion to suppress, 42 more days ran against the state, for a total of 91 days. The trial court scheduled a hearing on the motion to suppress for July 18, 2001. When the hearing was partially completed, the state requested a continuance because Officer Crawford was not present. The trial court granted the continuance and denied Dunckleman's motion to have that time run against the state. R.C. 2945.72 provides that the time in which a defendant must be brought to trial may be extended for reasonable continuances requested by parties other than the defendant. To be reasonable, the state must provide an explanation for the continuance and it must be journalized by the trial court prior to the expiration of the time in which the defendant must be brought to trial. See Stamps, supra, citing State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571, syllabus. The trial court granted the state's continuance on the record, stating that the unavailability of the witness was a reasonable excuse for a continuance. See, also, State v. Saffell (1988), 35 Ohio St.3d 90,91-92, 518 N.E.2d 934. Therefore, the time from July 18, 2001 until July 31, 2001 was tolled.
On July 31, 2001, the state again requested a continuance because Officer Crawford was unavailable, and the trial court granted that continuance. However, the trial court ruled that the time would be charged against the state, as it had not subpoenaed Officer Crawford. The hearing was continued until September 19, 2001. However, on September 12, 2001, Dunckleman filed a revised motion to suppress, asserting a second prong. This motion tolled the time until the September 19, 2001 hearing. Thus, only 43 additional days ran against the state, for a total of 134 days.
On September 19, 2001, the state requested a third continuance due to the unavailability of Officer Crawford, this time because it was discovered that Officer Crawford was no longer working for the Dayton Police Department. The trial court continued the matter until October 11, 2001. It did not rule at that time whether the time would be charged against the state, stating that it would make that ruling when it ruled on the motion to suppress.
On October 11, 2001, the hearing on the motion to suppress was concluded. The time between the hearing and the judge's decision overruling that motion on October 19, 2001 was tolled. Thus, time began to run against the state again on October 20, 2001. A scheduling conference was set for October 23, 2001. That conference was continued twice at the request of Dunckleman and held on November 13, 2001. Thus, as of November 13, 2001, only three additional days had run against the state. The trial was set for January 28, 2002.
On January 24, 2002, Dunckleman filed his motion to dismiss based on a speedy trial violation. At that time, 72 additional days had run against the state, for a total of 209 days. The trial court still had not ruled whether the September 19, 2001 continuance would be charged against the state. On January 29, 2002, the trial court ruled on the motion to dismiss, concluding that Dunckleman's speedy trial rights had not been violated. The court also concluded that the time between September 19, 2001 and October 11, 2001 should not be charged against the state. However, by our calculations, that time, being only 22 days, is irrelevant. Even counting that time against the state, only 231 days had passed, which was well within the requirement of 270 days.
Based on the foregoing discussion, we conclude that the trial court did not err in overruling Dunckleman's motion to dismiss based upon speedy trial grounds.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.