OPINION JUDGMENT ENTRY
{¶ 1} Appellant Larry Majors appeals the denial of his motion to suppress in the Court of Common Pleas, Licking County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of August 4, 2003, appellant was at a hotel room in the Ramada Inn in Heath, Ohio. At the same time, police were investigating information that Jemiah McCrary, who was wanted on a warrant, was using a stolen car and participating in drug activity at the hotel. Newark Police Detective Bline was monitoring the situation via binoculars, from a vantage point about two-hundred yards from the hotel building. Bline initially observed an African-American male emerging from the room, wearing an orange shirt. Another African-American male was observed wearing a white shirt. When the two men reentered the hotel room and emerged briefly thereafter, one of them had changed shirts, so that both were wearing white. Bline had a good visual on one of the men, whom he was "about 90 percent" certain was McCrary. McCrary then got into a red vehicle. Bline's fellow officers planned to stop McCrary if he left the hotel property.
 {¶ 3} At about this point, Bline was contacted via his Nextel device by Detective Romano that the man who had been in the red car was running toward Bline. Bline ran across a field and scaled the inn's perimeter fence. He proceeded to the south corner of the hotel, where he thought McCrary would probably try to run. At that point, Bline briefly saw an African-American male, later identified as appellant, with a white shirt and black shorts, going into a covered walkway area. Bline ordered appellant to the ground from behind and directed him to place his hands behind his back. While Bline patted him down, before rolling him over, he could feel a large bulge in his front left pocket, which he "instantly knew was a large amount of crack cocaine." Tr. at 13. Bline rolled appellant to his left, and recognized appellant's definitive forehead scar. Bline asked him his name, to which appellant replied "Larry Majors." McCrary, in the meantime, had attempted to leave the area in another vehicle.
 {¶ 4} Appellant was placed in a police cruiser. The officers determined appellant was the registered renter of the hotel room. After appellant was brought back to the room, he gave consent to search. The officers discovered crack cocaine inside.
 {¶ 5} Appellant was subsequently charged with possession of crack cocaine. On October 3, 2003, appellant filed a motion to suppress. After a hearing on October 13, 2003, the court denied the motion to suppress. On November 17, 2003, appellant changed his plea to no contest.
 {¶ 6} Following conviction and sentence, appellant timely filed a notice of appeal, and herein raises the following two Assignments of Error:
 {¶ 7} "I. The trial court erred in denying the defendant's motion to suppress.
 {¶ 8} "II. The defendant's constitutional right guarded by the fourth amendment against unreasonable search and seizure was violated."
 I., II. {¶ 9} In his First and Second Assignments of Error, appellant argues that the court should have granted the motion to suppress the evidence seized during the events at the Ramada. There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. SeeState v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583;State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor (1993),85 Ohio App.3d 623, 620 N.E.2d 906; Guysiner, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing appellant's Assignments of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 10} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews (1991),57 Ohio St.3d 86, 87, 565 N.E.2d 1271. Even without probable cause, a police officer may stop an individual and investigate unusual behavior when the officer reasonably concludes that the individual is engaged in criminal activity. Terry, supra.Terry requires that before stopping an individual, the officer must have specific and articulable facts which, taken together with rational inferences from those facts, reasonably leads the officer to conclude that the individual is engaged in criminal activity. Id. at 21. In determining whether an officer's beliefs are reasonable, a court must consider the totality of the circumstances involved. State v. Bobo (1988),37 Ohio St.3d 177, 180.
 {¶ 11} A protective search of a detainee's outer clothing may constitutionally occur if the officer reasonably believes that the detainee is armed and dangerous. See Terry, supra, at 24, 27. The United States Supreme Court established the "plain feel" doctrine as it relates to a Terry pat-down search for weapons for officer's safety in Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334. Therein the court held the police may seize contraband detected through the sense of touch during a protective pat-down if the officer has probable cause to believe that the item is contraband before seizing it. Id. at 376. See, also State v. Howard, Licking App. No. 2003-CA-0058,2004-Ohio-2914.
 {¶ 12} The evidence presented at the suppression hearing indicates that while investigating McCrary on a warrant, a stolen car report, and alleged drug activity, Detective Bline received a transmission from Detective Romano that McCrary was running toward him. See State v. Good (1987), 37 Ohio App.3d 174
(holding that an officer may rely upon transmitted information relayed by a valid source). See, also, City of Maumee v.Weisner (1999), 87 Ohio St.3d 295, 298. Bline then jumped the fence and encountered a man in a white shirt who, from behind, was presumed to be McCrary. Bline was alone with only his weapon and a Nextel phone, and the covered walkway area was out of the sunlight. He did not have handcuffs or other equipment. He at first mistakenly thought he had apprehended McCrary; Bline did not recognize the suspect as appellant until after the pat-down. Based on Bline's experience as a drug enforcement task force officer, he recognized the package in appellant's pocket as crack cocaine via his sense of touch. Bline described McCrary as a known drug dealer who carries weapons. Tr. at 13-14. Indeed, when the "real" McCrary was apprehended that day, he was found with a weapon. Id.
 {¶ 13} Accordingly, we hold that the officer's actions in apprehending appellant and conducting a pat-down search were reasonable under the totality of the circumstances, and were not violative of appellant's Fourth Amendment rights. Appellant's First and Second Assignments of Error are overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs to appellant.